THOMPSON, J.
The parties to this suit are husband and wife, and the latter sues for a preliminary separation from bed and board, and for an ultimate final divorce.
The grounds alleged are habitual drunkenness, cruel and unusual treatment on the part of the husband, and an assault on the wife and threat to take her life. All of the things charged took place, if at all, prior to May 14,1917. On the 19th of that month and year the plaintiff filed a suit for separation founded on the same acts as herein alleged against her husband. She was assigned a domicile in that suit, and was given the care, custody, and control of the children, issue of their marriage. On a rule she was likewise allowed alimony at the rate of $25 per month.
The suit never went to trial on the merits. The parties joined in a motion to discontinue the suit, in which it was declared that they had adjusted their differences and agreed upon a modus vivendi satisfactory to both. It was further agreed that the preliminary order assigning the wife a domicile, the order awarding her the care of the children, and the order granting alimony should be recalled and vacated, and it was so ordered by the court, and the plaintiff’s suit dismissed at the defendant’s cost, in a judgment signed by the district judge on July 2, 1917.
The present suit was filed June 23, 1922, a few days less than five years from the dismissal of the former suit. As we have already stated, there are no acts of drunkenness, nor of abuse and cruel treatment, alleged .-to have occurred subsequent to the filing of the former suit. The petition in the present suit was met by the following exceptions: (1) No cause nor right of action; (2) res judicata based on the prior judgment; and (3) reconciliation resulting from the adjustment and compromise of the matters involved in the prior suit and the voluntary dismissal of the same. The trial judge sustained the exception of no cause and no right of action, and the exception of res judicata; and, from a judgment dismissing plaintiff’s suit, she brings this appeal.
The gravamen of the plaintiff's complaint, and the main contention of her counsel in his brief is that there has been no reconciliation within the meaning of article 153 of the Civil Code, as interpreted in 'Martin v. Martin, 151 La. 530, 92 South. 46. But, as we have seen, the district judge did not hold that there had been a reconciliation in the sense that the parties resumed their former marital status. As a matter of fact, there had been no such reconciliation. The wife did return to the matrimonial domicile, and reniained there from Thursday to Saturday, but it is not pretended that they came together in the conjugal relation of husband and wife on that visit, and they have lived separate and apart since that date. The district judge maintained the exception, not on the ground that there had been a reconciliation, but on the theory that the grounds for a separation as propounded in the first suit had been amicably and finally adjusted and compromised between the husband and wife, and confirmed on their joint request-by a solemn judgment of the court. We fully concur in that conclusion.
Had the plaintiff, without compromising the differences with her husband, which were made the basis of the former suit, merely withdrawn or voluntarily discontinued that suit, she could have again renewed the demand for a separation and relied on the matters alleged in the prior suit as the exclusive basis for the second suit. But, instead of *801 doing that, the plaintiff entered into an agreement with her husband by which they mutually and reciprocally adjusted and compromised all differences between them involved in and growing out of that suit. The plaintiff thereby recalled, waived, and forever abandoned, as a cause for a judicial separation, the acts of abuse and cruel treatment, and the habitual drunkenness of her husband as set out in her former petition. And to make that agreement and adjustment more sacred and binding, if possible, she consented that it should be incorporated in a judgment of the court dismissing and rejecting her demand.
Clearly some effect must be given to her action — some sanctity must be attached to her agreement and the judgment of the court. That effect is, undoubtedly, to bar her action for a separation based exclusively on the matters thus compromised, adjusted, and withdrawn.
The views herein expressed are not in conflict with Martin v. Martin, cited supra, and that case can furnish no guidance in deciding the present case. The facts of the two cases are entirely dissimilar. In the Martin Case certain friendly acts of the wife towards her husband, after suit for separation had been filed by the wife, were made the predicate for the plea of reconciliation, and dismissal of the suit was asked on that ground. The wife resisted the plea, and denied that a resumption of the marital status had been accomplished. The court found, as a matter of fact, that there had been no reconciliation in the sense that the parties had become reunited as husband and wife. The facts fully justified the' conclusion in that case and warranted the pronouncement thát:
“A reconciliation must be one in fact and not in theory and that the burden of proving a resumption of marital relations rests upon the defendant.”
The mere reading of the Martin Case in the light of the facts of the present one will demonstrate the total want of application of the legal principles announced in that case to the facts of the ease at bar. The two cases are not analogous at all.
The judgment appealed from is therefore affirmed at the cost of appellant.
Rehearing refused by Division B, composed of DAWKINS, LAND and LECHE, JJ.